**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| MIGUEL ABAIGAR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 08-1466 (JR) |
| | ) | |
| DONALD C. WINTER, | ) | |
| Secretary of the Navy, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION**

This matter is before the Court on defendant's motion to dismiss.

Plaintiff is a former employee of the United States Navy at Subic Bay, Philippines, whose formal employment discrimination claim was dismissed on the ground that he is an alien to whom Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), does not apply.[1] *See* Compl., Attach. (June 3, 2008 Notice of Dismissal, DON 08-61581-00908) at 1-2. He alleges that he is a dual citizen of the Philippines and of the United States because he was born in the Philippine Islands when the Philippine Islands were a United States territory. Compl. at 6. In this

---

[1] The Navy also dismissed plaintiff's claim of discrimination on the basis of reprisal, *see* Compl., Attach. (June 3, 2008 Notice of Dismissal) at 2, but he does not appear to challenge this decision here.

1

action, plaintiff asks the Court to "confirm[] [his] having been born a US citizen" such that the United States Navy "allow[s] [him] to have access under [Title VII]." *Id.* at 7.

In *Licudine v. Winter*, 603 F. Supp. 2d 129 (D.D.C. 2009), this Court held that a person who, like plaintiff, was born in the Philippine Islands when the Philippines was a United States territory is neither a citizen nor a national of United States citizen. *Id.* at 135-36. Such a person, then, is an alien to whom Title VII does not apply. *Id.*

The Court will grant defendant's motion to dismiss. An Order accompanies this Memorandum Opinion.

JAMES ROBERTSON
United States District Judge